**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

FEB 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAKHABERI SHARABIDZE, | No.  20-70073 |
| Petitioner, | Agency No. A079-580-213 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before:      FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Kakhaberi Sharabidze, a native and citizen of Georgia, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

400 F.3d 785, 791 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Sharabidze's motion to reopen as untimely, where it was filed over 11 years after the order of removal became final, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), and he has not established that any statutory or regulatory exception to the filing deadline applies, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv); 8 C.F.R. § 1003.2(c)(3)(iii) (exception to the filing deadline where the motion to reopen is "[a]greed upon by all parties and jointly filed").

We lack jurisdiction to review the BIA's determination not to reopen proceedings sua sponte where Sharabidze does not raise a legal or constitutional error to invoke our jurisdiction.  *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

Sharabidze does not raise any challenge to the BIA's determination that the Notice to Appear did contain the time and place of the initial hearing and thus reopening was not warranted under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

2                                                            20-70073

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**